## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KATHERINE BETHEA** | : | CIVIL ACTION NO. _____ |
| | : | |
| VS. | : | JUDGE _____ |
| | : | |
| **ALLSTATE VEHICLE AND** | : | |
| **PROPERTY INSURANCE COMPANY** | : | MAGISTRATE JUDGE_____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, Katherine Bethea, by her undersigned attorneys, alleges as follows:

## NATURE OF ACTION

1.

This is an action by Katherine Bethea for damages, penalties, attorney's fees, expenses, and costs against her insurance company, Allstate Vehicle and Property Insurance Company, for its failure to pay the full sums owed under its insurance policy resulting from damages to her home caused by Hurricane Laura and Hurricane Delta.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Katherine Bethea, is a citizen of the State of Louisiana. Defendant, Allstate Vehicle and Property Insurance Company, is a foreign insurance company domiciled in the State of Illinois. The unpaid losses due under Defendant's insurance policy, plus penalties, attorney's fees, costs, and expenses

on top of those unpaid losses owed pursuant to La. R.S. 22:1892 and La. R.S. 22:1973 exceed the sum of $75,000.00.

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division and also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Katherine Bethea ("Bethea"), is an adult resident of Lake Charles, Louisiana.

5.

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), is a foreign insurance company domiciled in the State of Illinois, and it can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a strong Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and hit Lake Charles, Louisiana, with hurricane-force sustained winds and gusts well in excess of 100 miles per hour.

8.

On the evening of October 9, 2020, Hurricane Delta made landfall near Creole, Louisiana, as a Category 2 hurricane with sustained winds of 100 miles per hour.

9.

After making landfall, Hurricane Delta traveled north and directly hit Lake Charles, Louisiana, with hurricane-force sustained winds.

10.

At the time of Hurricanes Laura and Delta, Bethea was the owner of the home and property located at 4008 Rue Chan Ann Lane, Lake Charles, Louisiana 70605 ("the home").

11.

As a result of Hurricanes Laura and Delta, the home sustained extensive damage.

12.

At the time these damages were sustained due to Hurricanes Laura and Delta, Bethea had in full force and effect a policy of insurance with Allstate providing coverage for all of the losses sustained by Bethea to the home, other structures, and contents, as well as for debris removal, increased construction costs and code upgrades, and additional living expenses.

13.

Shortly following Hurricanes Laura and Delta, Bethea reported her losses to Allstate and made claims for payment of those losses.

14.

On September 15, 2020, and December 5, 2020, adjusters retained and/or employed by Allstate inspected the home. The adjusters were provided with full access to the home and had a full opportunity to inspect the home, its contents, and other structures to fully determine Bethea's losses without any limitations.

15.

Despite the fact that it should have been obvious to the adjusters retained and/or employed by Allstate who inspected the home that the home was substantially damaged, Allstate made woefully inadequate payments which failed to include numerous items of damage which were clearly visible to the adjusters retained and/or employed by Allstate at the time of the adjusters' inspections.

## **CAUSES OF ACTION AND DAMAGES**

### **A.   THE INSURANCE POLICY**

16.

Bethea reiterates and incorporates by reference all allegations in Paragraphs 1-15 above.

17.

The damages to the home and other structures greatly exceed the amounts estimated and paid by Allstate.

18.

Bethea is entitled to recover from Allstate for the additional sums needed to make full repairs to the home and other structures in accordance with the insurance coverages Bethea purchased from Allstate.

19.

Bethea is also entitled to recover for unpaid and/or underpaid contents, additional living expenses, increased construction costs and code upgrades, and debris removal in accordance with the insurance coverages Bethea purchased from Allstate.

### B.   PENALTIES AND ATTORNEY'S FEES

20.

Bethea reiterates and incorporates by reference all allegations in Paragraphs 1-19 above.

21.

Pursuant to Louisiana Revised Statute 22:1892, Allstate was required to unconditionally tender payment to Bethea for the losses not reasonably subject to dispute caused by Hurricanes Laura and Delta within 30 days of Allstate's receipt of each satisfactory proof of loss which occurred when its adjusters inspected the home.   Allstate failed to do so.

22.

La. R.S. 22:1892 further required Allstate to re-evaluate Bethea's claims and to tender additional unconditional payments to Bethea each time Allstate received additional information concerning the losses sustained by Bethea.   Allstate failed to do so.

23.

Pursuant to La. R.S. 22:1892, Allstate is liable to Bethea for a penalty of 50%, in addition to the amount of the loss, on the amount due from Allstate, as well as reasonable attorney's fees and costs, for Allstate's failure to unconditionally tender the amounts owed to Bethea within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

24.

Pursuant to La. R.S. 22:1973, Allstate is additionally liable to Bethea for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Allstate's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Bethea within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

25.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, Allstate is additionally liable to Bethea for a penalty of the up to two times the actual damages Bethea sustained or five thousand dollars, whichever is greater.

## **REQUEST FOR RELIEF**

26.

WHEREFORE, Plaintiff, Katherine Bethea, prays that, after due proceedings are had, that there be a judgment rendered herein in Plaintiff's favor and against Defendant, Allstate Vehicle and Property Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

                    Respectfully submitted,

                    **THE TOWNSLEY LAW FIRM**

BY:   */s/ David H. Hanchey*
                    **DAVID H. HANCHEY, Bar Roll #19927**
                    **HANNAH E. MAYEAUX , Bar Roll #39275**
                    3102 Enterprise Boulevard
                    Lake Charles, LA   70601
                    Telephone:     (337) 478-1400
                    Facsimile:      (337) 478-1577
                    Email:  david@townsleylawfirm.com
                    jboone@townsleylawfirm.com
                    ATTORNEYS FOR PLAINTIFF, KATHERINE BETHEA

**PLEASE SERVE**

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA   70809**